## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| 25 GRANT STREET, LLC; LEON BARNABY; | ) | |
| RONALD BARNABY; MICHAEL BARNABY; | ) | |
| and DIANE HONRATH, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## COMPLAINT

The United States of America ("United States"), by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the Environmental Protection Agency ("EPA"), files this complaint and alleges as follows:

## NATURE OF THE ACTION

1.      This is a civil action brought by the United States under Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. § 9607, seeking to recover costs incurred and to be incurred by the United States in response to the release or threatened release of hazardous substances at or from the Grant Street Fire Site ("Site") located in Bridgeport, Fairfield County, Connecticut.

2.      This action also seeks appropriate injunctive and other equitable relief under Subchapter D of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3301-3308, and the federal priority statute ("FPS"), 31 U.S.C. § 3713, to recover amounts fraudulently

transferred as to the debt owed to the United States under CERCLA, as set forth in the preceding paragraph.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over the subject matter of this action and over the parties under 42 U.S.C. §§ 9607 and 9613(b), and 28 U.S.C. §§ 1331, 1345, 3004, 3304, and 3306.

4.     Venue is proper in this judicial district under 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1391(b) and 3004(b), because the releases or threatened releases of hazardous substances that gave rise to these claims occurred in this district, and because the Site is located in this district.

## DEFENDANTS

5.     Defendant 25 Grant Street, LLC ("25 Grant") is a limited liability company formed under the laws of the State of Connecticut with its primary place of business in Connecticut.

6.     Defendants Leon Barnaby, Ronald Barnaby, Michael Barnaby, and Diane Honrath ("Barnaby Defendants") are members and owners of 25 Grant.

7.     The Defendants are "persons" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## GENERAL ALLEGATIONS

8.     On September 11, 2014, a fire ("the Fire") consumed a major portion of a warehouse located at 25 Grant Street, Bridgeport, Connecticut.

9.     The 6-acre property that was subject to the Fire is described by the City of Bridgeport as Map 49, Block 1804, Lot 3, Unit K (hereinafter "Warehouse Property").

10.     The Site consists of the portion of the Warehouse Property where hazardous substances came to be located.

11.     The Warehouse Property, which includes the Site, is owned by Defendant 25 Grant.

12.     At the time of the Fire, Defendant 25 Grant leased portions of the Warehouse Property to several tenants, including Rowayton Trading Company, Inc. and L.A. Barnaby & Sons, Inc.

13.     Rowayton Trading Company, Inc. was storing more than 1,000 55-gallon drums of chemicals and raw materials at the Warehouse Property when the Fire occurred.

14.     EPA personnel and EPA contractors responded to the Fire emergency at the Warehouse Property from September 11, 2014 through September 15, 2014.

15.     On May 15, 2015, the Connecticut Department of Energy and Environmental Protection requested that EPA analyze contamination at the Site and take appropriate response action if warranted.

16.     On June 8-9, 2015, EPA personnel and EPA contractors investigated the Site, collecting samples of soil, sludge, and drum contents.

17.     The samples collected in June 2015 indicated that soils/sludges and drums at the Site were contaminated with hazardous substances; drums contained volatile organic compounds and semi-volatile organic compounds including para-isopropyltoluene, naphthalene, and diethylphthalate, while soils/sludges contained the volatile organic compound para-isopropyltoluene, as well as chromium, lead, and arsenic.

18.     In an August 2015 action memorandum, EPA determined that the actual or threatened releases of hazardous substances or pollutants or contaminants from the Site, if not

addressed by implementing a removal action (to include excavating and disposing of the contaminated drums, debris, and soils at the Site), may present an imminent and substantial endangerment to public health, welfare, or the environment.

19.     The actions taken by EPA and its contractors between June 2015 and May 2016 as described in Paragraphs 16 through 18 of this Complaint, including additional sampling to determine the extent of contamination; identifying, removing, and disposing of contaminated soils, sludge, drums and drum contents, and debris; and securing the Site to prevent unrestricted access, constitute a "removal" within the meaning of Section 101(23) of CERCLA, 42 U.S.C. § 9601(23) (the "Removal").

20.     In August 2015, EPA contacted 25 Grant, L. A. Barnaby & Sons, Inc. and Rowayton Trading Company, Inc., among other parties, to invite them to conduct the Removal at the Site.

21.     25 Grant, L. A. Barnaby & Sons, Inc., and Rowayton Trading Company, Inc., all responded to EPA that they were unwilling or unable to conduct the Removal.

## COUNT 1:  CLAIM FOR RECOVERY OF RESPONSE COSTS

22.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

23.     Defendant 25 Grant is the current owner of the Site.

24.     Contaminants found at the Site, including but not limited to the substances identified in Paragraph 17 of this Complaint, are "hazardous substances" within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) (the "Hazardous Substances").

25.     Defendant 25 Grant owned the Site at the time of disposal of the Hazardous Substances.

26.     There have been releases or threatened releases, within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of the Hazardous Substances into the environment at or from the Site.

27.     As a result of the releases or threatened releases of the Hazardous Substances at or from the Site as described in the preceding Paragraph, EPA has incurred and will continue to incur response costs within the meaning of Sections 101(25) and 107 of CERCLA, 42 U.S.C. §§ 9601(25) and 9607, in responding to such releases or threatened releases (the "Response Costs").

28.     The Response Costs incurred thus far were incurred in a manner not inconsistent with the National Contingency Plan, promulgated under Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

29.     The Response Costs exceed $3 million dollars as of the date of this Complaint.

30.     Under Section 107(a)(1) and 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2), 25 Grant is jointly and severally liable to the United States for unreimbursed Response Costs incurred and to be incurred by the United States in connection with the Site, including enforcement costs and interest on all such costs.

31.     Under CERCLA Section 113(g)(2), the United States is entitled to a declaratory judgment stating that 25 Grant is jointly and severally liable to the United States for unreimbursed Response Costs incurred and to be incurred by the United States in connection with the Site, including enforcement costs and interest on all such costs.

## COUNT 2:  FRAUDULENT TRANSFER – 28 U.S.C. § 3304(a)(1)

32.     Paragraphs 1 through 31 are realleged and incorporated herein by reference.

33.    The Barnaby Defendants are members of Defendant 25 Grant, each owning 20 percent or more of the outstanding voting securities of Defendant 25 Grant.

34.    On September 11, 2014, Defendant 25 Grant incurred liability to the United States under Section 107(a)(1) and 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(1) and (2), for performance of a response action and/or for payment of response costs, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), in connection with the releases or threatened releases of the Hazardous Substances disposed of at the Site.

35.    The liability incurred by Defendant 25 Grant for costs incurred or to be incurred by the United States for response actions performed in connection with the Site, as set forth in the preceding paragraph, constitutes a "debt" to the United States ("the Debt") within the meaning of Section 3002(3)(B) of the FDCPA, 28 U.S.C. § 3002(3)(B).

36.    Defendant 25 Grant is a "debtor" within the meaning of Section 3002(4) of the FDCPA, 28 U.S.C. § 3002(4).

37.    According to its tax returns, between January 1, 2015, and December 31, 2015, Defendant 25 Grant made a cash distribution of $1,385,000 to the Barnaby Defendants ("the Distribution").

38.    According to a "25 Grant Street, LLC, Reconciliation of Insurance Proceeds and Expenses Per Books" dated March 3, 2017, Defendant 25 Grant made numerous other payments ("Additional Payments') in addition to the Distribution after receiving insurance proceeds relating to the fire losses, including but not limited to payment of "RLMD's mortgage loan" and "legal fees/accounting."

39.     The exact date or dates of the Distribution and the Additional Payments, as well as any value received in exchange for such transactions, is information that is in the possession of the Defendants.

40.     The Distribution and the Additional Payments are "transfers" within the meaning of Section 3301(6) of the FDCPA, 28 U.S.C. § 3301(6).

41.     Defendant 25 Grant did not receive reasonably equivalent value in exchange for the Distribution and, upon information and belief, did not receive reasonably equivalent value in exchange for some or all of the Additional Payments.

42.     The sum of Defendant 25 Grant's debts was greater than all of its assets at a fair valuation at the time of the Distribution and the Additional Payments, or became greater than all of its assets at a fair valuation as a result of the Distribution and the Additional Payments.

43.     Since September 11, 2014, Defendant 25 Grant has generally not been paying its debts as they become due.

44.     Defendant 25 Grant was insolvent at the time of the Distribution and the Additional Payments or was rendered insolvent as a result of the Distribution and the Additional Payments, within the meaning of "insolvency" as defined in Section 3302 of the FDCPA, 28 U.S.C. § 3302.

45.     Defendant 25 Grant has made, and likely will continue to make, other transfers within the meaning of Section 3301(6) of the FDCPA, 28 U.S.C. § 3301(6), without receiving a reasonably equivalent value in exchange for such transfers and at such time as 25 Grant was or became insolvent as a result of such transfers.

46.     The United States is entitled to a judgment declaring that the Distribution and some or all of the Additional Payments are fraudulent as to the Debt, under Section 3304(a)(1) of

the FDCPA, 28 U.S.C. § 3304(a)(1), and to appropriate equitable and legal relief related thereto, including a judgment against the Barnaby Defendants and other transferees in the amount of the Distribution and the Additional Payments up to the amount of the Debt and an injunction prohibiting any additional transfers in contravention of the FDCPA.

### COUNT 3:  FRAUDULENT TRANSFER – 28 U.S.C. § 3304(b)(1)(A)

47.     Paragraphs 1 through 46 are realleged and incorporated herein by reference.

48.     The Barnaby Defendants are "insiders" within the meaning of the FDCPA, 28 U.S.C. § 3301(5)(D).

49.     Prior to the Distribution and the Additional Payments, 25 Grant and the Barnaby Defendants were aware or should have been aware that, as a result of the Fire, there had been releases of hazardous substances to the environment at the Site.

50.     Prior to the Distribution and the Additional Payments, representatives of 25 Grant had a number of meetings and/or communications with representatives of the Connecticut Department of Energy and Environmental Protection (CT DEEP); the Bridgeport, Connecticut, Fire Department; and the EPA, during which there were discussions regarding the extent of the hazardous substance contamination, and the obligation on the part of 25 Grant to perform or pay for a response action to clean up the hazardous substances that were released at the Site.

51.     Prior to the Distribution and the Additional Payments, 25 Grant was aware that it could be sued by EPA, CT DEEP, or other parties to recover the cost of any response actions taken by EPA, CT DEEP, or other parties for which 25 Grant was responsible.

52.     25 Grant did not receive reasonably equivalent value from the Barnaby Defendants in exchange for the Distribution and, upon information and belief, did not receive reasonably equivalent value in exchange for the Additional Payments.

53.     25 Grant was insolvent or became insolvent shortly after the Distribution and the Additional Payments.

54.     The Barnaby Defendants had reasonable cause to believe that Defendant 25 Grant was insolvent at the time of the Distribution.

55.     Upon information and belief, the Distribution and the Additional Payments were made shortly before or shortly after 25 Grant informed EPA that it would be unable to perform a response action at the Site.

56.     Upon information and belief, the Distribution and the Additional Payments were made shortly before or shortly after EPA commenced performing a removal action at the Site thereby incurring additional response costs for which 25 Grant knew it would be responsible, and which 25 Grant knew or should have known would be substantial.

57.     Defendant 25 Grant made the Distribution and some or all of the Additional Payments with actual intent to hinder, delay, or defraud a creditor.

58.     Defendant 25 Grant has made, and likely will continue to make, other transfers within the meaning of Section 3301(6) of the FDCPA, 28 U.S.C. § 3301(6), with actual intent to hinder, delay, or defraud a creditor.

59.     The United States is entitled to a judgment declaring that the Distribution and some or all of the Additional Payments are fraudulent as to the Debt, pursuant to Section 3304(b)(1)(A) of the FDCPA, 28 U.S.C. § 3304(b)(1)(A), and to appropriate equitable and legal relief related thereto, including a judgment against the Barnaby Defendants and other transferees in the amount of the Distribution and the Additional Payments up to the amount of the Debt and an injunction prohibiting any additional transfers in contravention of the FDCPA.

## COUNT 4:  FRAUDULENT TRANSFER – 28 U.S.C. § 3304(b)(1)(B)

60.     Paragraphs 1 through 59 are realleged and incorporated herein by reference.

61.     At the time of the Distribution, 25 Grant engaged in a transaction for which its remaining assets were unreasonably small in relation to the transaction, or 25 Grant intended to incur, or believed or reasonably believed that it would incur, debts beyond its ability to pay as they became due, or both.

62.     Defendant 25 Grant has made, and likely will continue to make, other transfers within the meaning of Section 3301(6) of the FDCPA, 28 U.S.C. § 3301(6), without receiving a reasonably equivalent value in exchange for such transfers and at such time as 25 Grant was or is engaged in a transaction for which its remaining assets were or are unreasonably small in relation to the transaction, or at such time as 25 Grant intended or intends to incur, or believed or reasonably believes that it would incur, debts beyond its ability to pay as they become due, or both.

63.     The United States is entitled to a judgment declaring that the Distribution is fraudulent as to the Debt, pursuant to Section 3304(a)(2) of the FDCPA, 28 U.S.C. § 3304(a)(2), and to appropriate equitable and legal relief related thereto, including a judgment against the Barnaby Defendants and other transferees in the amount of the Distribution and the Additional Payments up to the amount of the Debt and an injunction prohibiting any additional transfers in contravention of the FDCPA.

## COUNT 5:  VIOLATION OF THE FEDERAL PRIORITY STATUTE, 31 U.S.C. § 3713

64.     Paragraphs 1 through 63 are realleged and incorporated herein by reference.

65.     The Debt constitutes a "claim of the United States Government" within the meaning of the FPS, 31 U.S.C. § 3701(a)(1).

66.     At the time of the Distribution, 25 Grant was a "person indebted to the Government" within the meaning of the FPS, 31 U.S.C. § 3701(a)(1)(A), by virtue of the Debt.

67.     At the time of the Distribution, 25 Grant was insolvent within the meaning of the FPS in that its total liabilities exceeded its total assets and was generally unable to pay its debts as they came due, and such insolvency has continued through the date of this Complaint.

68.     The Distribution was a voluntary assignment of property by 25 Grant to the Barnaby Defendants that was made at a time when 25 Grant was without sufficient property to pay all of its debts.

69.     The Distribution was an "act of bankruptcy" within the meaning of 31 U.S.C. § 3713(a)(1)(A)(iii), in that it was a fraudulent conveyance.

70.     25 Grant violated the FPS because it was obligated to pay its claim to the United States before making the Distribution to the Barnaby Defendants.

71.     The identity of the representative of 25 Grant that made the Distribution on behalf of 25 Grant is information within the possession of the Defendants.

72.     Upon information and belief, one or more of the Barnaby Defendants is liable to the United States under the FPS, 31 U.S.C. § 3713(b), to the extent of the Distribution, for the unpaid amount of the Debt because one or more of the Barnaby Defendants was a representative of 25 Grant that made the Distribution on behalf of 25 Grant.

73.     The United States is entitled to a judgment declaring that the Distribution was prohibited and void under the FPS, 31 U.S.C. § 3713, and to appropriate equitable and legal relief related thereto, including an injunction prohibiting any additional transfers in contravention of the FPS.

11

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that this Court grant the following relief:

a)      a judgment requiring Defendant 25 Grant Street, LLC to reimburse the United States for all unreimbursed response costs incurred in connection with the Site, including interest, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

b)      a judgment voiding and unwinding the Distribution and all other transfers fraudulent as to the Debt to the United States as alleged herein, including a judgment against Defendants Leon Barnaby, Ronald Barnaby, Michael Barnaby, and Diane Honrath, and all other transferees of assets as provided under 28 U.S.C. § 3307(b), for the value of all such fraudulent transfers not to exceed the amount of all unreimbursed response costs incurred in connection with the Site, including interest, under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a);

c)      an injunction barring Defendant 25 Grant Street, LLC from making any additional transfers in contravention of the FDCPA and the FPS;

d)      a judgment in favor of the United States declaring the liability of 25 Grant Street, LLC for response costs incurred in connection with the Site that will be binding on any subsequent action or actions to recover further response costs or damages; and

e)      such other and further relief as the Court deems appropriate.

Respectfully submitted this 26th day of February, 2018.

ELLEN M. MAHAN
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice


 s/Steven A. Keller____
STEVEN A. KELLER, bar no. 17895
Environmental Enforcement Section
Environmental and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 514-5465
(202) 514-0097 (fax)
steve.keller@usdoj.gov


JOHN H. DURHAM
United States Attorney
District of Connecticut

JOHN B. HUGHES
Chief, Civil Division
175 Church Street
New Haven, CT 06510
(203) 821-3802


OF COUNSEL:

CYNTHIA LEWIS
Senior Enforcement Counsel
U.S. Environmental Protection Agency, Region I
5 Post Office Square, Suite 100, OES04-3
Boston, MA 02109-3912
(617) 918-1809